IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-02684-CNS

RAIMUNDO RAMOS PAZ,

      Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility;
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, and
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce or in the Alternative Motion to Amend Judgment Under Fed. R. Civ. P. 59(e). ECF No. 13. The Court GRANTS IN PART and DENIES IN PART the motion.

In his motion, Petitioner seeks two forms of relief: the return of his Employment Authorization Document (EAD), *see id.* at 1, and compensatory damages for Respondents' "failure to return [his] EAD" since his release, *id.* at 2. According to Respondent, since his release on July 3, 2026, he has lost approximately $4,326.00 in wages that are "directly attributable" to Respondents' failure to return his EAD. *Id.* The

1

Court considers these requests for relief below, granting in part the first request and denying the second.

*First*, as to the EAD, Respondents represent that they have not been able to "confirm the whereabouts" of his EAD, but "do not oppose taking steps to obtain a replacement EAD for Petitioner." ECF No. 15 at 3. Respondents further represent that they are "already taking steps to obtain a replacement EAD for Petitioner." ECF No. 15 at 3. In light of these representations, Respondents are ordered to continue searching for Petitioner's original EAD or seeking a replacement EAD. To the extent that Respondents argue that Petitioner cannot bring a "property claim" in habeas, *id.*, the Court rejects this argument as to Petitioner's EAD—not only because Respondents are already attempting to provide Petitioner with the relief that he seeks (an EAD), but because caselaw forecloses it. *See, e.g., Molina Quijano v. Baltasar*, No. 1:26–cv–00706–CNS, 2026 WL 709753, at *1 (D. Colo. Mar. 13, 2026) (collecting cases explaining that it is proper in habeas context to grant relief "requiring respondents to return" documents).

*Second*, the Court agrees with Respondents that Petitioner cannot assert a claim for compensatory damages in a habeas proceeding. *See* ECF No. 15 at 4; *Ortiz v. Utah Bd. of Pardons*, No. 24–4097, 2025 WL 326082, at *3 (10th Cir. Jan. 29, 2025) ("[D]amages are not available in habeas proceedings." (citation modified)); *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). This is true as to wage claims specifically as well. *See, e.g., Boodram v. Holder*, No. 2:12–CV–1063 TS, 2013 WL 820376, at *2 (D. Utah Mar. 5, 2013); *id.* at *2 n.7. Petitioner fails to persuade otherwise.

2

*See* ECF No. 16 at 4–5. Thus, the Court denies Petitioner's request for relief in the form of $4,326.00 in compensatory damages. *See, e.g.,* ECF No. 13 at 3. Simply put, Petitioner is not entitled to any amount of compensatory, monetary relief in this habeas action.

\* \* \*

Consistent with the above analysis, the Court GRANTS IN PART and DENIES IN PART Petitioner's Motion to Enforce or in the Alternative Motion to Amend Judgment Under Fed. R. Civ. P. 59(e), ECF No. 13. Respondents are ORDERED to file a status report within TWO DAYS of this order explaining what steps they have taken to locate Petitioner's EAD, and if they have been unable to locate his EAD what steps they have taken to promptly to provide Petitioner with a replacement EAD. The motion is DENIED to the extent that Petitioner seeks $4,326.00 in compensatory damages.

DATED this 6th day of August 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

3